1   David R. Markham, CA Bar #071814
    dmarkham@markham-law.com
2   Peggy J. Reali, CA Bar #153102
    preali@markham-law.com
3   Janine Menhennet, CA Bar #163501
    jmenhennet@markham-law.com
4   **THE MARKHAM LAW FIRM**
    750 B Street, Suite 1950
5   San Diego, CA  92101
    Telephone: (619)399-3995
6   Facsimile: (619) 615-2067

7   R. Craig Clark, CA Bar #129219
    James M. Treglio, CA Bar #228077
8   Laura M. Cotter, CA Bar #259445
    cclark@clarklawyers.com
9   **THE CLARK LAW FIRM**
    600 B Street, Suite 2130
10  San Diego, CA  92101
    Telephone: (619)239-1321
11  Facsimile: (619) 239-5888

12  Attorneys for Representative Plaintiff
    and the Plaintiff Classes

13

14                 **UNITED STATES DISTRICT COURT**

15                 **CENTRAL DISTRICT OF CALIFORNIA**

16

17   BRANDON JOHNSON, on behalf of          Case No.  **SACV 13 - 00128 JST (RNBx)**
18   himself and all others similarly situated,

19                    Plaintiffs,           **CLASS/COLLECTIVE ACTION**

20   v.                                     **COMPLAINT FOR DAMAGES,**
                                            **INJUNCTIVE RELIEF AND**
21   METLIFE, INC., METROPOLITAN LIFE       **RESTITUTION**
22   INSURANCE COMPANY, and METLIFE
     SECURITIES, INC.,                      **DEMAND FOR JURY TRIAL**
23
24                    Defendants.
25

26

27

28

Representative Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.  This is a class/collective action, seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement of business expenses, rest and meal period penalties, waiting time penalties, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia,* the Fair Labor Standards Act §§ 6 and 7, 29 U.S.C. §§ 206 and 207.  This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims arising under California law (e.g. Title 8 of the California Code of Regulations, Labor Code §§ 200-204, inclusive, 216-218.6, 221, 223, 226, 226.7, 400-410, 510, 1174, 1194, 1194.2, 1197 and 2802, Business and Professions Code §§ 17200 *et seq.* and Code of Civil Procedure § 1021.5).

2.  Representative Plaintiff brings this action on behalf of himself and all other persons similarly situated (hereinafter referred to as the "Class Members," the "Plaintiff Classes" and/or, more specifically, the "FLSA Class" and/or the "California Class") who are, or have been, employed by the Defendants to sell and/or assist in selling and/or to market and/or assist in marketing securities and other financial products to the public on their behalf within the applicable statutory periods.

3.  The California Class period is designated as the time from January 9, 2009 through the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing since that time.  The FLSA Class period is designated as the time from January 9, 2010 through the trial date, based upon the allegation that the violations of the FLSA, as described more fully below, have been ongoing since at least this date.  During the Class Periods, METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, and METLIFE SECURITIES, INC. (hereinafter "Metlife" and/or "Defendants) have had a consistent policy of (1) permitting, encouraging, and/or requiring their allegedly-overtime exempt "Financial Services Representatives," including Representative Plaintiff and members of both

1  Classes, to work in excess of eight hours per day and in excess of forty hours per week
2  without paying them overtime compensation as required by the FLSA and California's
3  wage and hour laws; (2) making deductions from the Representative Plaintiff's and
4  California Class Members' earned and paid commissions and requiring cash
5  contributions be made back to Defendants for commissions previously paid and for
6  claimed customer losses by Defendants' customers; (3) requiring Representative Plaintiff
7  and California Class Members to pay other agents/employees of Defendants for their
8  services to the clients in processing orders, assisting in sales, or otherwise handling
9  business matters of the employer; (4) unlawfully denying the Representative Plaintiff and
10 the California Class Members statutorily mandated meal and rest periods; (5) willfully
11 failing to pay compensation (including unpaid overtime) in a prompt and timely manner
12 to Representative Plaintiff and/or the California Class Members whose employment with
13 Defendants terminated; and (6) willfully failing to provide Representative Plaintiff and
14 the California Class Members with accurate semi-monthly itemized wage statements of
15 the total number of hours each of them worked, the applicable deductions and the
16 applicable hourly rates in effect during the pay period.

## INTRODUCTION

18    4.  The Fair Labor Standards Act of 1938, as amended, §§201 *et seq.* (hereinafter
19 referred to as "The Act" or the "FLSA"), provides for minimum standards for both wages
20 and overtime entitlement, and details administrative procedures by which covered work
21 time must be compensated.  The enactment of the provisions of the FLSA provide the
22 Federal Courts with substantial authority to stamp out abuses of child labor, equal pay,
23 portal-to-portal activities as well as the overtime pay provisions at issue in this
24 Complaint.
25    5.  According to Congressional findings, the existence of labor conditions detrimental
26 to the maintenance of the minimum standard of living engenders unfair commercial
27 competition, labor disputes, barriers to commerce and the free flow of goods in
28 commerce, and interferes with the orderly and fair marketing of goods.

6. California's Labor Code and Industrial Welfare Commission Wage Orders provide even more expansive protection to hourly workers, including, but not limited to, entitlements to overtime pay and work performed beyond eight hours per day and substantial penalties for the denial of rest and meal periods.

7. Both Federal and California studies have linked long work hours to increased rates of accident and injury and a loss of family cohesion when either or both parents are kept away from home for extended periods of time, on either a daily or weekly basis.

8. Defendants have sold securities and financial products to the public. Representative Plaintiff is informed and believes and, based thereon, alleges that, within the Class Periods, Defendants have operated numerous facilities throughout the United States. In so doing, Defendants have employed hundreds, if not thousands, of individuals in recent years alone in allegedly exempt "Financial Services Representative" positions, employment positions which have not, and currently do not, meet any test for exemption from the payment of overtime wages.

9. Despite actual knowledge of these facts and legal mandates, Defendants have enjoyed an advantage over their competition and have disadvantaged their workers by electing not to pay premium (overtime) and/or "penalty" (a.k.a. "waiting time") wages to particular "Financial Services Representatives," among other employment positions.

10. Representative Plaintiff is informed and believes and, based thereon, alleges that officers of Metlife knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

11. Despite Metlife's knowledge of the Plaintiff Classes' entitlement to premium (overtime) pay, expense reimbursement, and meal and/or rest periods for all applicable work periods, Metlife failed to provide the same to members of the Plaintiff Classes in violation of the FLSA and California state statutes, Industrial Welfare Commission Orders and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

4
**Complaint**

## JURISDICTION AND VENUE

12.  This Court has jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.,* including under 29 U.S.C. §§ 207, 216, and 217.  This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331) diversity jurisdiction under 28 U.S.C. §1332, and supplemental jurisdiction to consider claims arising under California state law, pursuant to 28 U.S.C. §1367.

13.  Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391.  Metlife has a principal place of business in California is in the Central District of California, and it transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein have a direct effect on Representative Plaintiff and those similarly situated within the State of California and within this judicial district.  Metlife operates said facilities and has employed numerous Class Members in this judicial district as well as through the State of California.

## PARTIES

14.  Representative Plaintiff Brandon Johnson is a natural person and was, during the relevant time period identified herein, employed by Metlife in its Sacramento office and at other places as a "Financial Services Representative" pursuant to a series of successive written compensation plans.

15.  In said position, the Representative Plaintiff was repeatedly paid a substandard wage insofar as he was denied full pay for all hours worked, including overtime pay, denied reimbursement for expenses made on behalf of his employer, and was frequently permitted to work, and did work during the Class Period, shifts exceeding four hours or a major fraction thereof (of at least three and one-half hours) without being afforded ten minute rest periods and without being afforded mandatory meal periods.  The Representative Plaintiff is informed and believes, and based thereon, alleges that this conduct of Metlife is/was commonplace at every location owned and operated thereby.

16. As used throughout this Complaint, the terms "Class Members" and/or "Plaintiff Classes" refer to the named plaintiff herein as well as each and every person eligible for membership in the Plaintiff Classes, as further described and defined below.

17. At all times herein relevant, the Representative Plaintiff was, and now it, a person within each of the Classes of persons further described and defined herein.

18. At all times herein relevant, Defendants METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, and METLIFE SECURITIES, INC. (hereinafter "Metlife" and/or "Defendants") were, and are, foreign corporations with a principal place of business in New York City and doing business as NASD registered securities brokerage firm with offices located throughout California, and elsewhere.

19. Representative Plaintiff is informed and believes and, on that basis, alleges that Defendants have, and do, directly and/or indirectly employed and/or exercised control over the wages, hours and working conditions of the Representative Plaintiff and the Class Members.

## CLASS ACTION ALLEGATIONS

20. Representative Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Metlife's conduct, including, but not limited to, the following Plaintiff Classes:

    a. FLSA Collective Group Claims

    All persons who are, or have been, employed by the Defendants Metlife, Inc., Metropolitan Life Insurance Company, and/or Metlife Securities, Inc., in the United States to sell and/or assist in selling and/or to market and/or assist in marketing securities and other financial products on their behalf to the public within the applicable statutory periods.

    b. California Class

    All persons who are, or have been, employed by the defendants Metlife, Inc., Metropolitan Life Insurance Company, and/or Metlife Securities, Inc., in the State of California to sell and/or assist in selling and/or to market and/or assist in

1    marketing securities and other financial products on their behalf to the public

2    within the applicable statutory periods.

3    21. Defendants, their officers and directors are excluded from each of these Classes.

4    22. This action has been brought and may properly be maintained as a class/collective

5    action under FRCP Rule 23 and 29 U.S.C. §216 because there is a well-defined

6    community of interest in the litigation and the proposed Classes are easily ascertainable.

7    a. Numerosity:

8    A class action is the only available method for the fair and efficient adjudication of

9    this controversy. The members of the classes are so numerous that joinder of all

10   members is impractical, if not impossible, insofar as Representative Plaintiff is

11   informed and believes and, on that basis, alleges that the total number of Class

12   Members exceeds hundreds of individuals. Membership in the Plaintiff Classes

13   will be determined upon analysis of employee and payroll, among other, records

14   maintained by Defendants.

15   b. Commonality:

16   The Representative Plaintiff and the Class Members share a community of interests

17   in that there are numerous common questions and issues of fact and law which

18   predominate over any questions and issues solely affecting individual members,

19   thereby making a class action superior to other available methods for the fair and

20   efficient adjudication of the controversy. Consequently, class certification is

21   proper under FRCP Rule 23(b)(3) and 29 U.S.C. §216(b). These common

22   questions include, but are not limited to:

23   i. Whether Defendants violated the FLSA and/or California laws by failing to

24   pay overtime compensation to Metlife "Financial Services

25   Representatives" who worked in excess of 40 hours per week;

26   ii. Whether Defendants violated California Wage Order Nos. 7-98, 7-2000, 7-

27   2001 and Labor Code §510 by failing to pay overtime compensation to

28

1    Metlife "Financial Services Representatives" who worked in excess of 40

2    hours per week and/or eight hours a day;

3    iii. Whether Defendants violated California Business and Professions Code

4    §17200 by failing to pay overtime compensation to "Financial Services

5    Representatives" who worked in excess of forty hours per week and/or

6    eight hours a day;

7    iv. Whether Defendants violated Cal. Labor Code §§ 200, 202, 204 and portions

8    of applicable California Wage Orders by subjecting their "Financial

9    Services Representatives" to deductions from wages, including

10   commissions and losses claimed by Defendants' customers;

11   v.  Whether Defendants violated Cal. Labor Code §§ 400-410 and 2802 by

12   charging and/or otherwise requiring their "Financial Services

13   Representatives" to pay all or a portion of the compensation of other

14   agents/employees of the Defendants, as well as other normal business

15   expenses of the Defendants;

16   vi. Whether Defendants violated, and continue to violate, California Labor

17   Code §§ 226.7 and/or 512 by failing to consistently provide meal and/or

18   rest periods to the California Class Members;

19   vii.   Whether Defendants violate, and continue to violate, California Labor

20   Code §1174 by failing to keep accurate records of employees' hours of

21   work;

22   viii.  Whether Defendants violated, and continue to violate, California Labor

23   Code §§ 201-203 by failing to pay overtime wages due and owing at the

24   time Class Members' employment with Defendants terminated;

25   ix. Whether Defendants violated, and continue to violate, California Labor

26   Code §226 by failing to provide semi-monthly itemized wage statements

27   to Class Members of total hours worked and all applicable hourly rates in

28   effect during the pay period;

x.  Whether the Representative Plaintiff and the Class Members are entitled to "waiting time" penalties/wages pursuant to California Labor Code §203.

c.  Typicality:

The Representative Plaintiff's claims are typical of the claims of the Plaintiff Classes.  The Representative Plaintiff and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Metlife's common course of conduct in violation of state and federal law, as alleged herein.

d.  Superiority of Class Action:

Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein.  Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.  The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.  Moreover, the Representative Plaintiff is informed and believes, and based thereon alleges, that Defendants, in refusing to pay overtime to the FLSA Class Members and the California Class Members, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class.  Consequently, Class certification is proper under FRCP Rule 23(b)(2) and 29 U.S.C. §216(b).

e.  Adequacy of Representation:

The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Classes, in that the Representative Plaintiff's claims are typical of those of the Plaintiff Classes and the Representative Plaintiff has the same interests in the

1    litigation of this case as the Class Members.  The Representative Plaintiff is

2    committed to vigorous prosecution of this case, and has retained competent

3    counsel, experienced in litigation of this nature.  The Representative Plaintiff is not

4    subject to any individual defenses unique from those conceivably applicable to the

5    Class as a whole.  The Representative Plaintiff anticipates no management

6    difficulties in this litigation.

7                                                **FACTS**

8    23.  As described herein, Metlife has, for years, knowingly failed to adequately

9    compensate those Financial Services Representatives within the class definitions

10   identified above for premium (overtime) wages due under the FLSA (29 U.S.C. §§ 206

11   and 207), California Labor Code §510 and applicable California Wage Orders.

12   Moreover, Metlife has knowingly failed to provide said workers with mandatory meal

13   and rest periods, thereby enjoying a significant competitive edge over other securities

14   brokerage firms.  Among other means, Metlife engaged in unlawful business practices

15   requiring Financial Services Representatives to work numerous hours of overtime on a

16   daily and/or weekly basis and prevented Financial Services Representatives from taking

17   rest and meal breaks.

18   24.  Even upon the termination or resignation of the employment of Representative

19   Plaintiff and numerous California Class Members during the Class Period, Metlife

20   declined to pay these wages, in violation of California Labor Code §§ 201 and/or 202.

21   25.  Moreover, according to Defendants' policy, all California Class Members

22   suffered deduction from earned and paid commissions, as well as cash contributions

23   made back to Defendants, for the commissions previously paid and the actual claimed

24   customer losses themselves, on account of claims by Defendants' customers.

25   26.  Additionally, according to Defendants' policy, all California Class Members were

26   required to pay agents/employees of Defendants for their services to the clients in

27   processing orders, assisting in sales, or otherwise doing the business of the employer,

28

1   either directly as wages, as cash payments or through the diversion of commissions
2   previously earned.

3       27.  Through the misclassification of Plaintiff and the Class Members as exempt
4   employees, Metlife has also incorrectly and unlawfully treated said Class Members as
5   exempt from the meal and rest period requirements established by California Labor Code
6   §§ 226.7 and 512 and §§ 11 and 12 of the applicable California Wage Orders.
7   Representative Plaintiff and the California Class Members were, and are, unlawfully
8   denied meal breaks and rest periods required by law.

9       28.  Moreover, California Labor Code §§ 201 and 202 require Metlife to pay all
10  wages due to members of the California Class immediately upon discharge.  California
11  Labor Code §203 provides that, if an employer willfully fails to timely pay such wages,
12  the employer must, as a penalty, continue to pay the subject employees' wages until the
13  back wages are paid in full or an action is commenced, for a period not to exceed 30 days
14  of wages.

15      29.  Furthermore, despite its knowledge of the Representative Plaintiff's and the Class
16  Members' entitlement to premium (overtime) pay for excess hours worked, Metlife
17  violated California Labor Code §1174(d) by failing to provide or require the use,
18  maintenance or submission of time records by members of the California Class.  Metlife
19  also failed to provide Representative Plaintiff and members of the California Class with
20  accurate semi-monthly itemized wage statements of the total number of hours worked by
21  each, and all applicable hourly rates in effect during the pay period, in violation of
22  California Labor Code §226.  In so doing, Defendants have not only failed to pay their
23  workers the full amount of compensation due, they have, until now, effectively shielded
24  themselves from their employees' scrutiny for their unlawful conduct by concealing the
25  magnitude (the full number of hours worked) and financial impact of their wrongdoing.

26      30.  Representative Plaintiff and all persons similarly situated in the California Class
27  are entitled to unpaid compensation, yet, to date, have not received such compensation
28  despite their termination of their employment with Metlife.

31.  More than thirty days have passed since Representative Plaintiff and certain California Class Members have left Metlife's employ.

32.  As a consequence of Metlife's willful conduct in not paying compensation for all hours worked, certain California Class Members are entitled to thirty days' wages as penalty under Labor Code §203, together with interest thereon and attorneys' fees and costs.

33.  As a direct and proximate result of Metlife's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at time of trial.  As a further direct and proximate result of Defendants' unlawful conduct, Representative Plaintiff and many Class Members herein are entitled to recover "waiting time" penalties/wages (California Labor Code §203) and penalties for failure to provide semi-monthly statements of hours worked and all applicable hourly rates (Labor Code §226) in an amount to be established at trial.  As a further direct and proximate result of Defendants' unlawful conduct, Representative Plaintiff and Class Members are entitled to recover attorneys' fees and costs, pursuant to 29 U.S.C. §216(b), California Labor Code §§ 218.5 and 1194 and/or California Civil Code §1021.5, among other authorities.

## FIRST CAUSE OF ACTION

Violation of Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA")

(By Plaintiffs and the Collective Class against Defendants)

34.  Plaintiffs reallege and incorporate by this reference all allegations contained above as though fully set forth herein.

35.  At all relevant times hereto, Defendants have been, and are, employers engaged in commerce, as defined under 29 U.S.C. §203(b) and (d).  As such, Metlife employed members of the FLSA Class as Financial Services Representatives, employment which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g), and 29 U.S.C. §207(a)(1).  At all times relevant hereto, Defendants have been an "enterprise

1  engaged in commerce or in the production of goods for commerce," as defined under 29

2  U.S.C. §203(s)(1).

3      36. Representative Plaintiff is informed and believes, and thereon alleges, that

4  Metlife has required, or requires, the FLSA Class Members as part of their employment

5  to work without additional compensation, such as overtime, in excess of the forty hours

6  per week maximum under 29 U.S.C. §207(a)(1). That Section provides the following:

7        Except as otherwise provided in this section, no employer shall employ any

8        of his employees . . . for a workweek longer than forty hours unless such

9        employee receives compensation for his employment in excess of the hours

10        above specified at a rate which is not less than one and one-half times the

11        regular rate at which he is employed.

12      37. Indeed, in the performance of their duties for Defendants, members of the FLSA

13  Class often did work over forty hours per week, yet did not receive overtime

14  compensation for the work, labor and services they provided to Defendants, as required

15  by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours

16  will be proven at trial.

17      38. Representative Plaintiff proposes to undertake appropriate proceedings to have

18  such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the

19  pendency of this action and join this action as plaintiffs, pursuant to 29 U.S.C. §216(b),

20  by filing written consents to joinder with the Court.

21      39. Defendants' violations of the FLSA were willful.

22      40. As a result of the foregoing, Representative Plaintiff seeks judgment against

23  Defendants on his own behalf, and on behalf of those FLSA Class Members similarly

24  situated who file written consents to joinder in this action, for all unpaid wages, including

25  overtime wages owed by Defendants to the Representative Plaintiff and the FLSA Class,

26  pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal

27  amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as

28  provided for under 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

Unlawful Failure to Pay Overtime Wages

(California Class against Defendants)

41.  Plaintiffs reallege and incorporate by this reference all allegations contained above as though fully set forth herein.

42.  During the Class Period, Representative Plaintiff and the California Class Members worked in excess of eight hours in a workday and/or forty hours in a workweek.  The precise number of overtime hours will be proven at trial.

43.  During said time period, Metlife refused to compensate Representative Plaintiff and the California Class Members for some and/or all of the overtime wages earned in violation of applicable Wage Order(s) and the provisions of the California Labor Code.

44.  At all relevant times, Defendants were aware of, and were under a duty to comply with, the overtime provisions of the California Labor Code, including, but not limited to, the following:

    a.  <u>Labor Code §510:</u>  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. . . .

    b.  <u>Labor Code §1194:</u>  Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

    c.  <u>Labor Code §1198:</u>  The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

45. By refusing to compensate Representative Plaintiff and the California Class Members for overtime wages earned, Defendants violated those California Labor Code provisions cited herein, as well as various Industrial Welfare Commission Wage Orders.

46. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and the California Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at time of trial, and are entitled to recover attorneys' fees and costs of suit.

### THIRD CAUSE OF ACTION

Failure to Reimburse Expenses

(California Class against Defendants)

47. Plaintiffs reallege and incorporate by this reference all allegations contained above as though fully set forth herein.

48. During the Class Period, Defendants required Plaintiff and Plaintiff Class Members to pay additional sums to Defendants' other agents' employees for the labor necessary to complete the job of Financial Services Representative, as well as other normal business expenses of the Defendants.

49. Therefore, Plaintiff and the Plaintiff Class had expenditures and losses which were incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer which have not yet been reimbursed by Defendants.

50. At all relevant times, Defendants were aware of and were under a duty to comply with various provisions of California Labor Code §§ 406, 407 and 2802(a).

51. California Labor Code §2802(a) provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

52. California Labor Code §406 provides:

> Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

53. California Labor Code §407 provides:

> Investments and the sale of stock or an interest in a business in connection with the securing of a position are illegal as against the public policy of the State and shall not be advertised or held out in any way as a part of the consideration for any employment.

54. By requiring Plaintiff and members of the California Class to incur uncompensated expenses in direct consequence of the discharge of their duties, Representative Plaintiff and members of the California Class were forced and/or brought to contribute to the capital and expenses of the Defendants' business which is legally a cash bond and which must be refunded by Defendants to each California Class Member.

55. California Labor Code §2802(b) and (c) provides for interest at the statutory post-judgment rate of 10% simple interest per annum from the date of the expenditure plus attorneys' fees to collect reimbursement.

56. Therefore, Representative Plaintiff demands reimbursement for expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, plus return of all cash bonds or other coerced investments in the business of the employer, with interest at the statutory rate and attorneys' fees.

## FOURTH CAUSE OF ACTION

Prohibited Wage Chargebacks

(California Class against Defendants)

57. Plaintiffs reallege and incorporate by this reference all allegations contained above as though fully set forth herein.

58. California Labor Code §200 provides:

As used in this article: (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation. (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

59. California Labor Code §202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

60. There was no definite term in any Class Member's employment contract.

61. California Labor Code §204 requires all wages other than salaries to be paid not less than twice a month. It provides:

All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 16th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

62. California Labor Code §204 provides further, that:

Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

63. Section 8 of the Order of the Industrial Wage Commission, 8 C.C.R. §11040(8) (Professional, Technical, *et al.*) provides:

No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

64. Defendants charged back both commissions and the actual value of the stock losses allegedly caused by the employee through simple negligence or no fault of the employee at all.

65. This is a species of cash shortages prohibited from being charged back.

66. Defendants systematically underpaid its employees by holding back a significant portion of commissions for their own purposes to pay others, and then either paying the wages later than the time required under California Labor Code §204 or simply not paying them at all.

67. Defendants did not pay Plaintiff all wages due as required by California Labor Code §204.

68. Plaintiff demands an accounting and payment of all wages due, plus interest provided under California Labor Code §218.6 and attorneys' fees allowed by law.

## FIFTH CAUSE OF ACTION

Failure to Provide Meal and Rest Periods

(California Class against Defendants)

69. Plaintiffs reallege and incorporate by this reference all allegations contained above as though fully set forth herein.

70. At all relevant times, Defendants were aware of, and were under a duty to comply with California Labor Code §512 and California Labor Code §226.7.

71. California Labor Code §512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

72. California Labor Code §226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

73. Industrial Wage Commission Wage Order Nos. 7-2001(11) and (12) also mandate that employers provide all applicable meal and/or rest periods to their workers.

74. IWC Wage Order No. 7-2001(11) provides:

> (A)    No employer shall employ any person for a work period of more than five hours without a meal period of not less than thirty minutes.
>
> (B)    An employer may not employ an employee for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.
>
> (C)    . . . .

(D)   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

75.  IWC Wage Order No. 7-2001(12) provides:

(A)   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof.

(B)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

76.  By failing to consistently provide meal and rest periods to Representative Plaintiff and the California Class Members, Metlife violated these California Labor Code and IWC Wage Order provisions.

77.  As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and the California Class Members have sustained damages, including lost wages, and are entitled to recover such damages, penalties and attorneys' fees and costs under California law, in an amount to be established at trial.

## SIXTH CAUSE OF ACTION

Failure to Provide Accurate Itemized Wage Statements

(California Class against Defendants)

78.  Plaintiffs reallege and incorporate by this reference all allegations contained above as though fully set forth herein.

79.  California Labor Code §226(a) provides:

Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check,

draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing:  (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

80.  The IWC Wage Orders also establish this requirement in §7(B) thereof (8 Cal.Code Regs. §§ 11010 *et seq.*).

81.  California Labor Code §226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars for the initial pay period in which a violation occurs and one hundred dollars per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars, and is entitled to an award of costs and reasonable attorneys' fees.

82.  California Labor Code §1174 provides:

Every person employing labor in this state shall:  (d) Keep, at a central location in the state . . . payroll records showing the hours worked daily by and the wages paid to . . . employees. . . .  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

83.  Representative Plaintiff seeks to recover actual damages, costs and attorneys' fees under these provisions on behalf of himself and the California Class.

84. Metlife failed to provide timely, accurate itemized wage statements to Representative Plaintiff and the California Class in accordance with Labor Code §226(a) and the IWC Wage Orders.  None of the statements provided by Defendants have accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

85. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and the California Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

### SEVENTH CAUSE OF ACTION

Failure to Pay Wages on Termination

(California Class against Defendants)

86. Plaintiffs reallege and incorporate by this reference all allegations contained above as though fully set forth herein.

87. California Labor Code §203 provides:

> If an employee willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

88. Representative Plaintiff and numerous California Class Members were employed by Metlife during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within seventy-two hours of said resignation of employment therefrom.  Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

89. More than thirty days has elapsed since Representative Plaintiff and the Class Members were terminated and/or resigned from Defendants' employ.

1   90.  As a direct and proximate result of Defendants' willful conduct in failing to pay

2   said Class Members for all hours worked, Representative Plaintiff and certain Class

3   Members are entitled to recover "waiting time" penalties of thirty days' wages pursuant

4   to Labor Code §203, in an amount to be established at trial, together with interest thereon

5   and attorneys' fees and costs.

6   **EIGHTH CAUSE OF ACTION**

7   Unfair Business Practices

8   (California Class against Defendants)

9   91.  Plaintiffs reallege and incorporate by this reference all allegations contained

10  above as though fully set forth herein.

11  92.  Representative Plaintiff further brings this cause of action seeking equitable and

12  statutory relief to stop the misconduct of Metlife, as complained of herein, and to seek

13  restitution from Defendants of amounts acquired through the unfair, unlawful and

14  fraudulent business practices described herein.

15  93.  The knowing conduct of Defendants constitutes an unlawful and/or fraudulent

16  business practice, as set forth in California Business and Professions Code §§ 17200-208.

17  Specifically, Defendants conducted business activities while failing to comply with the

18  legal mandates cited herein.

19  94.  Defendants' knowing failure to adopt policies in accordance with and/or to adhere

20  to these law, all of which are binding upon and burdensome to Defendants' competitors,

21  engenders an unfair competitive advantage for Defendants, thereby constituting an unfair

22  business practice as set forth in California Business and Professions Code §§ 17200-208.

23  95.  Metlife has clearly established a policy of accepting a certain amount of collateral

24  damage, as represented by the damages to Representative Plaintiff and the Class herein

25  alleged, as incidental to its business operations, rather than accept the alternative costs of

26  full compliance with fair, lawful and honest business practices ordinarily borne by

27  responsible competitors of Defendants and as set forth in legislation and the judicial

28  record.

## REQUEST AND PRAYER FOR RELIEF

**WHEREFORE**, Representative Plaintiff, on behalf of himself and the Plaintiff Classes, prays for judgment and the following specific relief against Defendants Metlife, Inc., Metropolitan Life Insurance Company and Metlife Securities, Inc., as follows:

1. That the Court declare, adjudge and decree that this action is a proper class/collective action and certify the proposed FLSA Class, the California Class and/or any other appropriate subclasses under FRRCP Rule 23 and/or 29 U.S.C. §216;

2. That the Court declare, adjudge and decree that Defendants violated the overtime provisions of the FLSA, the California Labor Code and the Industrial Wage Commission Wage Orders as to the Representative Plaintiff and the Plaintiff Classes;

3. That the Court declare, adjudge and decree that Defendants willfully violated their legal duties to pay overtime under the FLSA, the California Labor Code and the IWC Wage Orders;

4. That the Court declare, adjudge and decree that (a) the Representative Plaintiff and the FLSA Class Members were at all times relevant hereto, and are, entitled to be paid overtime for the work beyond 40 hours in a week; and (b) the amounts to which Representative Plaintiff and the FLSA Class Members are entitled is to be doubled as liquidated damages and awarded thereto;

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 406, 407 and 2802(a) by willfully failing to reimburse California Class Members for expenses made on behalf of Defendants;

6. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 200, 202, and 204 and applicable IWC Wage Orders by charging back both commissions and the actual value of the stock losses from wages of members of the California Class;

7. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by willfully

1 | failing to provide meal periods (including second meal periods) and/or rest periods to
2 | California Class Members;

3 | 8. That the Court declare, adjudge and decree that Defendants violated the
4 | record-keeping provisions of California Labor Code §§ 226(a) and 1174(d) and section 7
5 | of the Wage Orders as to Representative Plaintiff and the California Class, and willfully
6 | failed to provide accurate semi-monthly itemized wage statements thereto;

7 | 9. That the Court declare, adjudge and decree that Defendants violated
8 | California Labor Code §203 by willfully failing to pay all compensation owed at the time
9 | of the termination of the employment of Representative Plaintiff and other terminated
10 | California Class Members;

11 | 10. That the Court declare, adjudge and decree that Defendants violated
12 | California Business and Professions Code §§ 17200 *et seq.* by failing to pay
13 | Representative Plaintiff and California Class Members overtime compensation, failing to
14 | provide meal and/or rest periods to said employees, failing to pay all wages due on
15 | termination ("waiting time" penalties) and/or by failing to provide Class Members with
16 | accurate itemized wage statements;

17 | 11. That the Court make an award to Representative Plaintiff, the FLSA Class
18 | and the California Class of damages and/or restitution for the amount of unpaid overtime
19 | compensation, including interest thereon, and penalties in an amount to be proved at time
20 | of trial;

21 | 12. That the Court make an award to the Representative Plaintiff and the
22 | California Class of reimbursement for all employer-related expenses;

23 | 13. That the Court make an award to the Representative Plaintiff and the
24 | California Class of one hour of pay at each employee's regular rate of compensation for
25 | each workday that a meal period was not provided;

26 | 14. That the Court make an award to the Representative Plaintiff and the
27 | California Class of one hour of pay at each employee's regular rate of compensation for
28 | each workday that a rest period was not provided;

15.     That the Court order Defendants to pay restitution to Representative Plaintiff and the California Class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200-08;

16.     That the Court further enjoin Defendants, ordering them to cease and desist from unlawful activities in violation of Business and Professions Code §§ 17200 *et seq.;*

17.     For all other Orders, findings and determinations identified and sought in this Complaint;

18.     For interest on the amount of any and all economic losses, at the prevailing legal rate;

19.     For reasonable attorneys' fees, pursuant to 29 U.S.C. §216(b), California Labor Code §1194 and/or California Civil Code §1021.5; and

20.     For costs of suit and any and all such other relief as the Court deems just and proper.

## JURY DEMAND

Representative Plaintiff and the Plaintiff Classes hereby demand trial by jury on all issues triable of right by jury.


Dated:  January 16, 2013                              **THE MARKHAM LAW FIRM**




By: _____

David R. Markham
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV13- 128 JST (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| BRANDON JOHNSON, on behalf of himself and all others similarly situated, ) ) ) ) ) | |
| *Plaintiff(s)* ) | Civil Action No. |
| v. ) | |
| METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, and METLIFE SECURITIES, INC., ) ) ) ) | **SACV 13 - 00128 JST (RNBx)** |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  METLIFE, INC.,
METROPOLITAN LIFE INSURANCE COMPANY, and
METLIFE SECURITIES, INC.,
CT Corporation System, agent for Service of Process
818 W Seventh Street, Los Angeles, CA 90017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

| David R. Markham, Esq. | R. Craig Clark, Esq. |
|---|---|
| THE MARKHAM LAW FIRM | THE CLARK LAW FIRM |
| 750 B Street, Suite 1950 | 600 B Street, Suite 2130 |
| San Diego, CA 92101 | San Diego, CA 92101 |

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 1/25/13

**DENISE VO**
*Signature of Clerk or Deputy Clerk*

1225

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BRANDON JOHNSON, on behalf of himself and all others similarly situated,

**DEFENDANTS**
METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, and METLIFE SECURITIES, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

THE MARKHAM LAW FIRM
750 B Street, Suite 1950
San Diego, CA 92101

THE CLARK LAW FIRM
600 B Street, Suite 2130
San Diego, CA 92101

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No     ☑ MONEY DEMANDED IN COMPLAINT: $ unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. section 201; 28 U.S.C section 1332; wage and hour violations

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:   Case Number:   SACV 13 - 00128 JST (RNBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sacramento |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date January 16, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |