UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-128-JLS (RNBx)            Date: June 3, 2014
Title: Brandon Johnson v. Metlife Inc., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                        Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL (Doc. 33)**

      Before the Court is a Motion for Preliminary Approval of Class Action Settlement filed by Plaintiff Brandon Johnson and "proposed Plaintiff" Lance Cowley. (Mot., Doc. 33.)[1] Having considered the briefing, and having taken the matter under submission, the Court DENIES WITHOUT PREJUDICE Plaintiffs' Motion.

      Plaintiffs' Motion asks the Court to conditionally certify the settlement class, preliminarily approve the proposed settlement, approve the form and method of class notice, approve the proposed class administrator, and set a fairness hearing. Having reviewed the papers, the Court concludes that it cannot grant the Motion for several reasons.

      First, the proposed settlement distribution is not equitable. Plaintiffs seek preliminary approval of a single settlement class: "[t]he group of individuals employed by MetLife as Financial Service Representatives in California during the Class Period, or the estates of such individuals." (Pl. Mem. at 5, Doc. 33-1.) According to Plaintiffs, the proposed class is comprised of Financial Services Representatives ("FSRs") who: "(1) lost a portion of their commissions Accounts because their employment terminated before completion of twelve payment quarters; and/or (2) were debited a portion of their

---

[1] After the Motion was filed, Plaintiff filed a Second Amended Complaint adding Cowley as a plaintiff. (*See* Doc. 38.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-128-JLS (RNBx)            Date: June 3, 2014

Title: Brandon Johnson v. Metlife Inc., et al.

commission Account for Metlife's operating expenses; and/or (3) worked uncompensated overtime; and/or (4) were not fully reimbursed for their business expenses." (*Id*. at 1, 3.) However, not all FSRs suffered all four of these losses to their compensation. The first loss identified above is, by definition, limited to FSRs terminated before their twelfth payment quarter. (*Id*. at 16.) The second loss is limited to FSRs who were employed more than ten quarters, because only FSRs who worked more than ten quarters had Metlife's operating expenses deducted from their accounts. (*Id*.) By contrast, the third and fourth types of compensation loss were suffered by all FSRs, as all FSRs allegedly worked uncompensated overtime and were not fully reimbursed for business expenses. (*Id*.)[2]

       Plaintiffs propose dividing the settlement fund into two sub-funds. (*Id*. at 6.) The first sub-fund (called the "Novitiate Fund") will compensate for the first type of compensation loss identified above, i.e., the loss of commissions. (*Id*.) Hence, only those FSRs terminated before having worked 12 quarters will receive compensation from the Novitiate fund. (*Id*.) The second sub-fund (called the "Expense Reimbursement / Overtime Fund") is intended to compensate for the second, third, and fourth types of compensation loss identified above. (*Id*. at 6-7.)

       The distribution of the Novitiate Fund is equitable, because it fairly compensates only those class members who suffered that particular injury. However, the distribution of the Expense Reimbursement/Overtime Fund is not equitable. The Expense Reimbursement/Overtime Fund covers three distinct injuries—deductions for Metlife's operating expenses, uncompensated overtime, and unreimbursed business expenses. However, FSRs who worked ten or fewer quarters suffered only two of the three injuries (uncompensated overtime and unreimbursed business expenses), while FSRs who worked beyond ten quarters suffered all three injuries. This is demonstrated by the graph below, which focuses on the injuries covered by the Expense Reimbursement/Overtime Fund:

---

[2] The class is limited to FSR employees; after twenty quarters, an employee becomes an independent contractor. (*Id*. at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-128-JLS (RNBx)                                      Date: June 3, 2014
Title: Brandon Johnson v. Metlife Inc., et al.



Because FSRs who worked beyond ten quarters suffered an additional injury, they should receive an additional amount from the second part of the settlement fund that those who did not work beyond ten quarters do not receive.  But this is not the case.  Instead, the second part of the settlement fund is to be divided proportionately among *all* FSRs, based solely on how long each one worked.  (*Id*. at 6.)  This effectively means that FSRs who worked beyond ten quarters do not receive any compensation for the additional injury they suffered (i.e., the deduction of Metlife's operating expenses from their accounts).  The distribution therefore is inequitable.[3]  This inequity can be remedied by a distribution that separately compensates FSRs who worked more than ten quarters.  This may require a settlement fund with three sub-funds, instead of two, such that there is a sub-fund dedicated exclusively to compensating FSRs who worked beyond ten quarters and had Metlife's operating expenses deducted from their accounts. This would be analogous to the Novitiate fund that exclusively compensates those who suffered the loss-of-commission injury.

      Second, Plaintiffs must provide class-wide evidence to support their claims for unreimbursed business expenses.  Plaintiffs state that "all Class Members were affected by Metlife's lack of reimbursement mechanism for their out of pocket business expenses." (*Id*. at 16.)  However, the only common evidence provided is a passing reference to the fact that Metlife "paid the FSRs a separate expense allowance," which

---

[3] The inequity is underscored by the fact that Plaintiffs apparently were unable to calculate any damages for uncompensated overtime or unreimbursed business expenses.  Instead, Plaintiffs apparently used the damages incurred from Metlife's deduction of operating expenses from the accounts of FSRs who worked more than ten quarters in order to fund the entire second part of the settlement.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-128-JLS (RNBx) | Date: June 3, 2014 |
| Title: Brandon Johnson v. Metlife Inc., et al. | |

Metlife apparently contends is "sufficient to cover Class Members' reasonable expenses." (*Id*. at 21.) While evidence of a uniform reimbursement policy (or lack thereof) may present a common issue, *see Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625, 639-40 (S.D. Cal. 2010), the vague reference in the Motion to an expense allowance is insufficient.[4] In this regard, and contrary to Plaintiffs' suggestion, the Court does not apply "a lesser standard of scrutiny . . . to certification of a settlement class than to certification of a class in litigation where class certification is disputed." (Pl. Mem. at 12.) Instead, because the parties have entered into a settlement agreement before any class has been certified, the Court applies "undiluted, even heightened attention" to class certification requirements. *Staton v. Boeing Co*., 327 F.3d 938, 952 (9th Cir. 2003) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

  Third, the proposed *cy pres* recipient is improper. "A cy pres award must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members, and must not benefit a group too remote from the plaintiff class." *See Dennis v. Kellogg Co*., 697 F.3d 858, 865 (9th Cir. 2012) (quotation marks omitted). The parties propose Sesame Workshop, (Pl. Mem. at 7, 9), which is "the nonprofit educational organization behind Sesame Street." <http://www.sesameworkshop.org/about-us/workshop-at-a-glance>. The proposed *cy pres* recipient does not appear to have any relation to the proposed class. Plaintiffs shall instead propose a *cy pres* recipient consistent with the guidance set forth in *Dennis*.

  Fourth, Plaintiffs fail to explain how Plaintiff Cowley, who was added to the litigation after the motion for preliminary settlement approval was filed, would be entitled to a $7,500 incentive fee award.

___

[4] By contrast, Plaintiffs provide evidence of written policies demonstrating that FSRs employed fewer than twelve quarters lose commissions in their accounts upon termination, and that FSRs employed beyond ten quarters have operating expenses deducted from their accounts. As to the misclassification/uncompensated overtime claims, while Plaintiffs do not provide actual evidence indicating that all FSRs were classified as exempt, or that all FSRs share the same duties, there is at least a declaration from Plaintiffs' counsel to this effect. (Markham Decl. ¶¶ 3-4.) While not necessarily required for certification, evidence that FSRs were all classified as exempt and share the same duties would significantly strengthen a motion seeking certification of a class based on these claims. *See Marlo v. United Parcel Serv., Inc*., 251 F.R.D. 476, 484 (C.D. Cal. 2008).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-128-JLS (RNBx) | Date: June 3, 2014 |
| Title:  Brandon Johnson v. Metlife Inc., et al. | |

     Accordingly, Plaintiffs' Motion is DENIED WITHOUT PREJUDICE.  Plaintiffs shall have **28 days** from the date of this Order to file an amended motion that addresses the deficiencies identified above.

                                    Initials of Preparer:  tg