# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOHNSON, an individual; and LANCE COWLEY, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, and METLIFE SECURITIES, INC.,<br><br>Defendants. | Case No. SACV 13-128-JLS (RNBx)<br><br>**FINAL APPROVAL AND JUDGMENT APPROVING SETTLEMENT** |

This matter came on for hearing upon the joint application of the Settling Parties for final approval of the settlement set forth in the [Revised] Joint Stipulation and Agreement of Settlement (the "Settlement Agreement"). Due and adequate notice having been given to the Settlement Class, a fairness hearing having been held, the Court having considered the Settlement Agreement and reviewed the record in this litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Class Members and MetLife.

3. The Court finds that the distribution of the Notice to Class Members Re: Settlement of Action and Notice of Hearing On Proposed Settlement constituted the best notice practicable under the circumstances to all persons within the definition of the Class Members, and fully met the requirements of due process under the United States Constitution and California law. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice provided to the Class Members was adequate.

4. The Court finds in favor of settlement approval.

5. The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, including the release of claims and all other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6. Except as to any individual claim of those Persons (identified in **Attachment A** hereto) who have validly and timely requested to opt out of and be

excluded from the Settlement Class, all of the Released State Law Claims are dismissed with prejudice as to the Class Representatives and all other Members of the Settlement Class. In addition, all of the Released Federal Law Claims are dismissed with prejudice as to the Class Representatives and each Settlement Class Member who timely negotiates a settlement check.

7. Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Settlement Agreement, and the preliminary approval order, and the Court deems this definition sufficient for purposes of due process and Rule 23. This certification for settlement purposes shall not be construed to be an admission or determination as to the certifiability of any class or sub-class for any other purpose, in this Litigation or otherwise.

8. By this Judgment, the Class Representatives shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released State Law Claims. The Class Representatives and each of the Settlement Class Members who negotiates a settlement check shall also be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Federal Law Claims. The Released Federal Law Claims include, but are not limited to, any and all claims asserted or which could have been asserted in the Litigation which arose under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§201, et. seq., for any Settlement Class Member. The Released State Law Claims, as defined in the Settlement Agreement, also include any and all applicable California state law claims, obligations, demands, actions, rights, causes of action, and liabilities against MetLife, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute or other applicable law, whether

1  known or unknown, and whether anticipated or unanticipated by a Class Member,
2  that arose or accrued at any time up until the date of the entry of the Final Approval
3  Order, for any type of relief, including wages, bonuses, incentive compensation,
4  discretionary compensation, damages, unpaid costs, penalties (including late
5  payment penalties), overtime pay, premium pay, liquidated damages, expenses,
6  punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable
7  relief, based on the following categories of allegations:  (a) any and all claims
8  which were or which could have been asserted in the Litigation, and which arise
9  from the allegations asserted by Plaintiffs in the Complaint, including but not
10 limited to all claims which arose under the California Labor Code, including §§200-
11 204, 216-218.6, 221, 223, 226, 226.7, 400-410, 510, 1174, 1194, 1194.2 and 2802;
12 or the California Unfair Competition Act, California Bus. & Prof. Code §17200 et
13 seq. and Code of Civil Procedure §1021.5; (b) any and all claims under California
14 state law, and which arise from the allegations asserted by Plaintiffs in the
15 Complaint, for the failure to pay any type of overtime compensation to FSRs; (c)
16 any and all claims which arise from the allegations asserted by Plaintiffs in the
17 Complaint, California state law for the failure to pay for meal breaks, and/or rest
18 periods; (d) any and all claims which arise from the allegations asserted by
19 Plaintiffs in the Complaint under California state law stemming from or based on
20 the alleged misclassification of FSRs as exempt employees, i.e., employees who
21 MetLife classified as exempt under state law from wage and hour requirements
22 imposed on employers, but who actually do not qualify for any exemption,
23 including without limitation the executive, administrative, or professional
24 exemptions set forth in state law; (e) any and all California state law claims, and
25 which arise from the allegations asserted by Plaintiffs in the Complaint, including
26 without limitation California state statutory and common law claims, alleging
27 failure to reimburse for, unlawful imposition of, or deduction or chargeback from
28 compensation for, expenses or costs, of or related to the Class Members of any kind

or nature and without any limitation; (f) any and all California state law claims, and which arise from the allegations asserted by Plaintiffs in the Complaint, including without limitation, California state statutory and common law claims, which are related in any way to the Metlife Expense Allowance Plan or any successor plan, including claims for failure to reimburse, indemnify, cover or pay for expenses, business costs and/or deductions of or related to the Class Members (including without limitation claims for reimbursement of costs spent on staff support, any advertising or promotional expenses, seminar costs, training costs, telephone charges, mailing costs, subscriptions, office supplies, office equipment, license registration fees, trading errors, client fees, costs to settle disputes with customers, or account fees for delinquent customer accounts); and (g) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (f), above, under California state law.

9. Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (i) is or may be deemed to be nor may be used as an admission of, or evidence of, the validity of any Released Federal Law Claim or Released State Law Claim, or of any wrongdoing or liability of MetLife or any of the MetLife Releasees; (ii) is or may be deemed to be nor may be used in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal as an admission of, or evidence of, any fault or omission of MetLife or any of the MetLife Releasees; or (iii) is or may be deemed to be, nor may be used as, an admission of, or evidence of, the validity of the certifiability of the Settlement Class for any purpose other than this settlement. Accordingly, neither the Settlement Agreement nor the settlement will be referred to by the Class Representatives or by Class Counsel or by any Class Member in any other pleading or proceeding in any court, administrative agency or other tribunal, for any purpose or reason. In the event that the Effective Date does not occur, MetLife shall not be

1 estopped or otherwise be precluded from contesting class certification in the Litigation on any grounds MetLife or any of the MetLife Releasees may have.

10. The only Class Members entitled to payment pursuant to this Judgment are Class Members who do not opt-out of the Settlement in response to the Notice prior to the Opt Out/Objections Deadline, who are thus eligible to participate in the Settlement Class under all of the terms and conditions in the Settlement Agreement.

11. The Court approves reasonable attorneys' fees in this matter in the amount of $492,500.00 as well as certain allowable costs in this matter in the amount of $13,346.56, and MetLife shall pay an enhancement to the Class Representatives to reimburse them for their services to the Settlement Class in the total amount of $17,500.00, where Brandon Johnson will receive $15,000.00 and Lance Cowley will receive $2,500.00. The Court approves $19,000.00 to be paid by Metlife to Gilardi & Co. LLC for the cost of settlement administration. All of these amounts will be paid from the Settlement Amount. The Court finds that these agreements are fair and reasonable. MetLife is directed to make such payments in accordance with the terms of the Settlement Agreement.

12. Any unclaimed portion from the total Settlement payment of $1,970,000 shall be paid in accordance with the terms of the Settlement Agreement.

13. The Settling Parties are to bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement.

14. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class and MetLife for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

///
///
///
///

This Document shall constitute a judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

IT IS SO ORDERED.

Dated: March 19, 2015

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

ATTACHMENT A

Johnson v. MetLife – List of Received Exclusions – January 26, 2015

1) CHARLES M BARROS

2) JENNIFER LIU-LEONARDO

3) RICHARD S QIAN

4) HANDAN SHEN

5) IRENE MAY

6) JENNIFER L TRAN

7) SIRUVALUR BALAN

8) TERRY MATZKIN

9) KANAKO MCPHAIL

10) ROBERT L BROWN

11) REGINA LAU

12) BAO LIN CHEN

13) SHULING CHANG

14) JAMES R LINGELBACH

15) WILLIAM S TROUTMAN

16) ALICE A WU

17) RICHARD KRAUSE

18) FUMIYUKI SUZUKI